UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

CASE NO. 04-80857
HON. LAWRENCE P. ZATKOFF

D-9 TAVARIS DEMMINGS and
D-10 HERMAN BURCH,

       Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the Theodore Levin United States Courthouse,
in the City of Detroit, State of Michigan, on August 1, 2005

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on the following motions filed by Defendant Tavaris Demmings: (1) Motion for Severance; (2) Motion for Government Agents and Law Enforcement Officers to Retain Rough Notes; and (3) Motion for Brady Disclosure.  In addition, Defendant Herman Burch has filed the following motions: (1) Motion to Compel Disclosure of Exculpatory Evidence and Impeachment Material; and (2) Motion to Require Government to Furnish Witness and Exhibit List.  The Government responded to the motions, and Defendants did not reply.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decisional process would not be significantly aided by oral argument.  Therefore, pursuant to E.D.

MICH. LCRR 12.1 and E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Defendant Demmings's motion for severance will be DENIED. Defendant Demmings's motion for law enforcement officers to retain rough notes will be GRANTED. Defendant Demmings's and Defendant Burch's motions for pretrial disclosure of exculpatory material will be DENIED. Finally, Defendant Burch's motion for pretrial disclosure of the Government's witness and exhibit lists will be GRANTED IN PART.

## II. BACKGROUND

On October 15, 2004, the Grand Jury indicted Defendants Tavaris Demmings and Herman Burch, along with twelve other co-defendants, on a total of sixty counts of Possession with Intent to Distribute a Controlled Substance, 21 U.S.C. § 841(a)(1), Distribution of a Controlled Substance, 21 U.S.C. § 841(a)(1), Conspiracy to Possess with the Intent to Distribute and Distribution of Cocaine and Cocaine Base, 21 U.S.C. § 846, and Possession of a Stolen Firearm, 18 U.S.C. § 922(j). The Government alleges that Defendants operated a twenty-four-hour mobile drug distribution ring. According to the Government, a potential drug buyer would call a "customer service" cellular phone number. The person answering the "customer service" phone would direct the caller to meet a delivery person, usually on a residential side-street. The Government alleges that the Defendants worked in shifts and operated at all hours of the day and night.

Defendant Demmings, however, maintains that his case should be severed from the present action because (1) his alleged involvement is minor relative to some of the other Defendants, and (2) the Government may attempt to introduce the statements of non-testifying co-defendants in violation of his Sixth Amendment right of confrontation. He also requests an order preventing the

Government or law enforcement officers from destroying any rough notes, drafts, or tape recordings that pertain to the investigation.  In addition, Defendant Demmings and Defendant Burch both separately request the disclosure of exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963).  Finally, Defendant Burch requests the pretrial disclosure of the Government's exhibit and witness lists. The Court will address each motion separately.

## III.  DISCUSSION

**A.    Defendant Demmings's Motion for Severance**

Motions for severance are governed by Federal Rule of Criminal Procedure 14, which provides as follows:

> **(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.
>
> **(b) Defendant's Statements.** Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

FED. R. CR. P. 14.  In general, the federal criminal justice system favors joint trials.  *See Zafiro v. United States*, 506 U.S. 534, 537 (1993).  Joint trials promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent trials." *Richardson v. Marsh*, 481 U.S. 200, 209 (1987).  These interests are particularly served by joint trials when multiple defendants are accused of participating in a conspiracy or a joint scheme.  *See United States v. Weiner*, 988 F.2d 629, 634 (6th Cir. 1992).  Thus, "[i]n the context of conspiracy, severance will rarely, if ever, be required." *United States v. Searing*, 984 F.2d 960, 965 (8th Cir. 1993).  In *Zafiro*, the Supreme

Court stated that severance should only be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 938.

Defendant Demmings argues that severance is necessary because his "alleged involvement is minor compared to the alleged involvement of several of the co-defendants." Motion for Severance, at ¶ 2. He maintains that evidence of "guns and prejudicial acts" unrelated to his conduct will result in the "prejudicial spillover" of unfavorable evidence, thereby depriving him of a fair trial in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution. Brief in Support of Motion for Severance, at 1. In addition, after reviewing the discovery provided by the Government in this matter, Defendant Demmings believes that the Government may introduce statements of non-testifying co-defendants that are unfavorable to his defense. He maintains that the introduction of such evidence would deprive him of his Sixth Amendment right of confrontation.

The Government responds by arguing that Defendant Demmings has failed to meet the "heavy burden of showing specific and compelling prejudice" warranting severance. *See* Government's Response, at 2 (quoting *United States v. Harris*, 9 F.3d 493, 501 (6th Cir. 1993)). The Government argues that Defendant Demmings has not identified any statement or confession by a co-conspirator that might violate his Sixth Amendment rights if introduced at trial. In addition, the Government argues that Defendant Demmings's general allegation of "guns and prejudicial evidence" fails to demonstrate any prejudicial "spillover" of unfavorable evidence that might infringe his right to a fair trial.

The Court finds the Government's arguments persuasive. First, Defendant Demmings's


vague reference to "guns and prejudicial evidence" does not demonstrate that severance is necessary. By failing to point to any specific evidence, he has not met his burden of showing that despite proper limiting instructions, the jury will be unable to 'separate and treat distinctively evidence relevant to each particular defendant.'" *United States v. Medina*, 992 F.2d 573, 587 (6th Cir. 1993) (quoting *United States v. Gallo*, 763 F.2d 1504, 1525 (6th Cir. 1985)) *altered on other grounds in United States v. Jackson-Randolph*, 282 F.3d 369, 389 (6th Cir. 2002); *United States v. Lopez*, 6 F.3d 1281, 1286 (7th Cir. 1993) (holding that "[m]ere speculation of 'spill over guilt' is not enough to rebut" the dual presumption that the jury will abide by the court's instruction to "consider each defendant separately" and "capably sort through the evidence."). In addition, evidence of guns and other unfavorable evidence pertaining to Defendant Demmings's co-defendants may be admissible against him as evidence tending to prove a drug trafficking conspiracy. *See Medina*, 992 F.2d at 587. Accordingly, the Court finds that Defendant Demmings has not shown that any "spillover" evidence will unfairly prejudice his case.

Second, Defendant Demmings has failed to identify any statement or confession of a co-defendant, the admission of which would run afoul of the Sixth Amendment. It is well-settled that the confession of a non-testifying co-defendant inculpating another defendant violates the Sixth Amendment and warrants severance. *See Bruton v. United States*, 391 U.S. 123 (1968). Such a violation, also called a *Bruton* violation, is not cured by a limiting instruction. *See Stanford v. Parker*, 226 F.3d 442, 456 (6th Cir. 2001). Nevertheless, there are exceptions to the *Bruton* rule. For instance, if the confessing defendant testifies, there is no violation. *See Nelson v. O'Neil*, 402 U.S. 622 (1971). In addition, if it is possible to redact the confession or statement to avoid implicating the defendant, there is no violation. *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

5

Additional exceptions exist where the statement falls within a firmly rooted hearsay exception, *see White v. Illinois*, 502 U.S. 346 (1992), or is admitted for non-hearsay purposes, *see Tennessee v. Street*, 471 U.S. 409 (1985).  Without knowing who the Government intends to call as a witness or the content of any statements the Government intends to introduce, it is impossible to determine whether severance will be necessary to avoid a *Bruton* violation.  Accordingly, the Court will deny Defendant Demmings's motion for severance under *Bruton* without prejudice.  Defendant Demmings may renew his motion at trial by pointing to a specific statement or confession of a non-testifying co-defendant that implicates him.[1]

**B.      Defendant Demmings's Motion For Government Agents to Retain Rough Notes**

Defendant Demmings has also moved for the Government and its agents to "preserve all rough notes, rough drafts, tape recordings, memoranda and worksheets taken as part of the[] investigation . . . ." Motion for Government Agents and Law Enforcement Officers to Retain Rough Notes, at 1.  Defendant maintains that under the Jencks Act, 18 U.S.C. § 3500, the retention of such materials is essential to a fair trial.[2]  Defendant argues that the purpose of the motion is to avoid a

---

[1] The Court notes that Defendant requested a hearing on his motion for severance.  The Court finds it unnecessary to hold a hearing because Defendant has failed to even point to any specific evidence, statement, or confession to be examined at a hearing.

[2] The Jencks Act provides as follows, in pertinent part:

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

hearing on whether the destruction of any of those materials was in good faith in the event that they are destroyed. *See e.g. United States v. Johnson*, 102 F.3d 214, 218 (6th Cir. 1996) (finding that potentially exculpatory tape recordings were destroyed in good faith and did not require mistrial). The Government responds by arguing that it is fully aware of its obligations under the Jencks Act and its obligation to turn over rough notes falling within Federal Rule of Criminal Procedure 16. *See* FED. R. CR. P. 16(a)(1)(B)(ii) (requiring the government to divulge upon request "the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent."). Thus, the Government argues that Defendant Demmings's motion should be dismissed as moot.

The Court finds that the Government's awareness of its obligations under the Jencks Act and Rule 16 does not moot Defendant's motion. With his motion, Defendant is requesting that the Court order the Government to retain certain materials generated during the investigation in this matter because some of those materials may constitute "statements" of a Government witness under the Jencks Act. He argues that preserving all of those materials now will eliminate the need to determine later if the destruction of those materials was done in good faith. Had the Government responded by agreeing to order its agents to retain the pertinent materials, the issue would be moot. *See e.g., United States v. Stewart*, 4:03 CR 675, 2004 WL 759638, * 1 (E.D. Mo. Mar. 22, 2004) (finding defendant's request for an order requiring preservation of law enforcement rough notes moot because counsel for the government agreed to order its agents to retain their rough notes). The

---

18 U.S.C. § 3500(b).

7

Government, however, did not agree to preserve the materials. Instead, the Government essentially agreed not to destroy only those materials that in its own estimation fall within either the Jencks Act or Rule 16. If a dispute arises over whether a particular piece of evidence falls within either the Jencks Act or Rule 16, however, the destruction of that evidence will make it difficult to determine whether the evidence should have been divulged and will require additional proceedings on the issue of whether the destruction was in good faith. Accordingly, since the Government has not provided any assurances that it will preserve all of the pertinent investigative materials, the Court will grant Defendant Demmings's motion.

**C.      Defendant Demmings's and Defendant Burch's Motions for *Brady* Disclosure**

Defendant Demmings and Defendant Burch both move for the pretrial disclosure of various categories of potentially exculpatory evidence. The Government responds by arguing that both motions should be denied because the Government has already made available all exculpatory evidence that must be disclosed under *Brady*. The Government also argues that to the extent any new exculpatory evidence is discovered, it will provide the evidence to the defense.

The Court finds that Defendants' motions for *Brady* disclosure should be denied because they are premature. *Brady* and its progeny require the Government to disclose *at trial* evidence that is favorable to the defendant and material to the issue of guilt or punishment. The Sixth Circuit has often stated that the *Brady* rule is not a discovery tool, nor does it confer pretrial rights or remedies. *See United States v. Short*, 671 F.2d 178, 187 (6th Cir. 1982); *United States v. Moore*, 439 F.2d 1107, 1108 (6th Cir. 1971); *United States v. Presser*, 844 F.2d 1275, 1284 (6th Cir. 1988). As the Sixth Circuit explained in *Short*:

> This is not to say that a Brady violation may not occur when the prosecution fails to disclose exculpatory material in response to a

> pretrial motion. The violation may take place at that time, *but Brady may be invoked only when the trial has been completed*. While the problem exists for a prosecutor before and during a trial, it becomes a concern of the court after the trial has ended. *See United States v. Agurs*, 427 U.S. 97, 107-08, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342 (1976). As this court has stated, 'Brady was never intended to create pretrial remedies.' *United States v. Moore*, 439 F.2d 1107, 1108 (6th Cir. 1971).

*Short*, 671 F.2d at 187 (emphasis added); *see also United States v. Phillip*, 948 F.2d 241, 249 (6th Cir. 1991) ("Significantly, the issue of materiality for *Brady* purposes pertains only to the question of a defendant's guilt or innocence, not to the issue of a defendant's ability or inability to prepare for trial."); *United States v. Nixon*, 418 U.S. 683, 701 (1974) ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."). Accordingly, Defendants' requests for pretrial disclosure of *Brady* material will be denied.

**D.     Defendant Burch's Request for Pretrial Disclosure of Government Witness and Exhibit Lists**

Finally, Defendant Burch argues that in the interests of justice, the Government should be required to disclose its witnesses and a list of exhibits no later than ten days before trial. The Government argues that Defendant Burch is not entitled to a witness or exhibit list "at this time." Government's Response, at ¶ 1.

There is no statutory or constitutional authority for requiring the Government to disclose witness and exhibit lists before trial. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (holding that *Brady* creates no government duty to disclose witnesses); *United States v. Conder*, 423 F.2d 904, 910 (6th Cir. 1970) (holding that the names and criminal records of government witnesses are not discoverable under FED. R. CR. P. 16); *United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977) (noting that the "law does not impose upon the Government an obligation to

9

preview its case or expose its legal theory"). Nevertheless, as Defendant Burch notes, the Court has the discretion to order the Government to provide witness and exhibit lists before trial. *See* CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 254.3 (3d ed. 2000) ("[A] defendant has no right in noncapital cases to require a list of government witnesses. It is well established, however, that the court may order the government to disclose the names of the witnesses it intends to call if the court chooses to do so."). Given the inherent violence involved in drug trafficking, the Court finds it unwise to order the Government to disclose far in advance of trial the names of witnesses it intends to call. *See Warren v. Crabtree*, 185 F.3d 1018, 1021 n. 6 (9th Cir. 1999) ("[T]he danger of violence inheres in the combination of firearms and drugs . . . ."); *United States v. Madeoy*, 652 F. Supp. 371, 375 (D.D.C. 1987) (noting that the "possible intimidation of witnesses" is among the factors to consider in compelling the discovery of government witnesses before trial). On the other hand, the Government has not identified any specific security concerns and it has also mentioned that all of the Government's witnesses have been disclosed in the discovery materials already provided. Accordingly, the Court finds that under these circumstances it is reasonable to require the Government to provide Defendants with a witness and exhibit list at least three business days before trial.

## IV. CONCLUSION

For the reasons set forth above, (1) Defendant Demmings's Motion for Severance [dkt. # 82] is hereby DENIED WITHOUT PREJUDICE with respect to potential *Bruton* problems which may or may not arise, and DENIED in all other respects; (2) Defendant Demmings's Motion for Government Agents and Law Enforcement Officers to Retain Rough Notes [dkt. # 81] is hereby

GRANTED; the Government and law enforcement agents must preserve all rough notes, rough drafts, tape recordings, memoranda and worksheets taken as part of this investigation; (3) Defendant Demmings's Motion for Brady Disclosure [dkt. # 80] is hereby DENIED; (4) Defendant Burch's Motion to Compel Disclosure of Exculpatory Evidence and Impeachment Material [dkt. # 73] is hereby DENIED; and (5) Defendant Burch's Motion to Require Government to Furnish Witness and Exhibit List [dkt. # 72] is hereby GRANTED IN PART; the Government must provide Defendants with witness and exhibit lists at least three business days before trial.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  August 1, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 1, 2005.

s/Marie E. Verlinde
Case Manager
(810) 984-3290